{¶ 37} Although I concur in the majority's opinion, I believe that the trial court was required by statute to conduct a sexual-offender-classification hearing after Golden was convicted of child enticement. "The judge who is to impose sentence on a person who is convicted of or pleads guilty to a sexually oriented offense * * * shall conduct a hearing to determine whether the offender is a sexual predator if any of the following circumstances apply: (i) Regardless of when the sexually oriented offense was committed, the offender is to be sentenced on or after January 1, 1997, for a sexually oriented offense that is not a registration-exempt sexually oriented offense and that is not a sexually violent offense." R.C. 2950.09(B)(1)(a) (emphasis added).
 {¶ 38} Despite the fact that Golden was a sexually-oriented offender by operation of law, had the trial court held the mandated hearing, the state would have had the opportunity to present its proffered evidence that Golden posed "a risk of engaging in further sexually abusive behavior" in accordance with the procedural guarantees of R.C. Chapter 2950. R.C.2950.02(A)(2); see, e.g., R.C. 2050.09(B)(2).